UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY PETER JOSEPH ROWE,

            Petitioner,

   v.

MELISSA ANDREWJESKI, et al.,

            Respondents.

Case No. C23-5875-RAJ-SKV

ORDER TO SHOW CAUSE

Petitioner, proceeding pro se and *in forma pauperis*, submitted a 28 U.S.C. § 2254 habeas corpus petition and a Motion to "Stay & Abey" Await State Remedy. Dkts. 4 & 5. He seeks to raise constitutional challenges to his conviction and sentence entered in Clark County Superior Court on January 14, 2022, as well an order to "'stay and abey'" that will allow him to exhaust his state remedies. *Id*. Now, having conducted a preliminary review of the petition and motion, the Court herein directs petitioner to show cause as discussed below.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve

ORDER TO SHOW CAUSE - 1

federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). "In turn, the state's highest court must have disposed of each claim on the merits." *Id*.

In addition, pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to § 2254 habeas actions. That period of limitation typically commences from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" § 2244(d)(1)(A). In Washington, a notice of appeal must be filed within thirty days after the entry of the decision of the trial court. Wash. RAP 5.2(a). The end of that thirty day period marks the expiration of the time for seeking review pursuant to § 2244(d)(1)(A). Also, the one-year limitations period for filing a § 2254 action is tolled for any "properly filed" collateral state challenge to the pertinent judgment or claim. § 2244(d)(2).

In this case, Petitioner seeks to challenge his January 14, 2022 conviction in *Washington v. Rowe*, Clark County Superior Court Case Number 19-1-02938-06. *See* Dkt. 4 at 1; Dkt. 5-1 at 1; and https://odysseyportal.courts.wa.gov. Although Petitioner did not file a direct appeal of his conviction, he did pursue collateral challenges, including an initial personal restraint petition filed in the Washington Court of Appeals on November 28, 2022 and a motion for discretionary review of that petition filed in the Washington Supreme Court on July 21, 2023. *See* Dkt. 4 at 2, 17, 24; and https://dw.courts.wa.gov/ (showing personal restraint petitions filed in Division II of the Court of Appeals on November 28, 2022 under Case No. 576422, on May 15, 2023 under

ORDER TO SHOW CAUSE - 2

1  Case No. 581922, and on September 6, 2023 under Case No. 586622, and a motion for
2  discretionary review filed in the Washington Supreme Court on July 21, 2023 under Case No.
3  1022034).  Therefore, Petitioner's conviction became final on February 14, 2022, thirty days
4  after the January 14, 2022 judgment, and his one-year statute of limitations under § 2244(d)(1)
5  began to run the following day, on February 15, 2022, *see Patterson v. Stewart*, 251 F.3d 1243,
6  1246-47 (9th Cir. 2001), and continued to run until Petitioner filed his initial personal restraint
7  petition on November 28, 2022.  Petitioner also concedes he has yet to exhaust his state
8  remedies, Dkt. 5 at 1, and a review of the state court records provides confirmation that the
9  Washington Supreme Court proceeding remains ongoing, *see* https://dw.courts.wa.gov/ (Case
10 No. 1022034) (last checked October 4, 2023).  It is, accordingly, apparent both that Petitioner
11 has not yet exhausted his claims and that his one-year statute of limitations is currently tolled and
12 has not yet expired.
13      In the motion submitted with his habeas petition, Petitioner states that he has
14 approximately one month and twenty-one days left before his statute of limitations to file a
15 habeas action expires, and asserts that, "without the stay & abey", he could be inadvertently
16 time-barred.  Dkt. 5 at 2.  However, it nonetheless remains that Petitioner may only pursue
17 habeas relief after properly exhausting his federal constitutional claims in state court.  In
18 addition, because Petitioner has yet to exhaust his state court remedies in relation to any claim,
19 he does not present a "mixed" habeas petition, containing both exhausted and unexhausted
20 claims, *Rose v. Lundy*, 455 U.S. 509, 522 (1982), and allowing for the options provided for in
21 *Rhines v. Weber*, 544 U.S. 269, 274-79 (2005) (with a mixed petition, the court may (1) dismiss
22 the petition without prejudice to allow presentation of unexhausted claims to state court and a
23 return to federal court to file a new habeas petition containing all of the claims; (2) stay the

ORDER TO SHOW CAUSE - 3

mixed petition to allow petitioner to present unexhausted claims to the state court and then return to federal court for review of his perfected petition; or (3) allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims). Instead, it appears that Petitioner's habeas petition is premature and should be dismissed without prejudice to re-filing once all state court post-conviction challenges to his conviction have been completed. *See* 28 U.S.C. § 2254(b)-(c); *Rose*, 455 U.S. at 522 (holding every claim raised in federal habeas petition must be exhausted).

In light of the above, Petitioner is hereby ORDERED to show cause, on or before **November 6, 2023**, why his petition should not be dismissed without prejudice for failure to exhaust.[1] Should Petitioner fail to demonstrate he has fully exhausted his grounds for relief or fail to respond to this Order, the Court will enter a Report and Recommendation that the petition be dismissed without prejudice to returning to federal court later with his fully exhausted petition. The Clerk is directed to send copies of this Order to petitioner and to the Honorable Richard A. Jones.

Dated this 5th day of October, 2023.

                                                                            *S. Kate Vaughan*
                                                   S. KATE VAUGHAN
                                                   United States Magistrate Judge

---

[1] The Court also notes that, pursuant to Local Civil Rule (LCR) 100(a), a petitioner seeking habeas corpus relief must use or substantially follow this district's § 2254 form, and provide all information required by the form. The petition submitted in this case does not comply with LCR 100(a) because it does not clearly provide all required information, including information as to each individual claim raised and the exhaustion of each such claim. Petitioner is advised that, in order to proceed in this or in any future habeas case, he must submit a properly completed § 2254 form.