1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY PETER JOSEPH ROWE,

                Petitioner,

   v.

JEFFEREY PERKINS, et al.,

                Respondent.

Case No. C23-5875-RAJ-SKV

REPORT AND RECOMMENDATION

Petitioner, a state prisoner who is currently confined at Coyote Ridge Corrections Center in Connell, Washington, seeks relief under 28 U.S.C. § 2254 from a January 2022 Washington state court judgment and sentence. *See* Dkt. 8. Respondent filed an answer to petitioner's habeas petition and submitted relevant portions of the state court record. Dkts. 26 & 27. Petitioner filed a response to Respondent's answer. Dkt. 28. *See also* Dkts. 29-31.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends the habeas petition be DENIED and this case DISMISSED, and that the Court find petitioner is not entitled to a Certificate of Appealability.

## I.  FACTUAL AND PROCEDURAL HISTORY

A probable cause declaration provides the following facts relevant to Petitioner's

REPORT AND RECOMMENDATION - 1

1  conviction:

2          Rowe raped and molested his two young daughters for several years.  Both
       girls were under 10 years old when Rowe began his abuse.  In a forensic
3      interview, Rowe's daughter CR disclosed a long history of sexual abuse by Rowe
       involving multiple incidents of oral sex and sexual intercourse starting when she
4      was between 9 and 11 years old.  The abuse began at their prior residence and
       continued after they moved.  CR estimated the sexual abuse occurred
5      approximately once every month or two for five years.

6          The abuse included mutual oral sex in the "69" position when CR was
       younger, Rowe making CR perform oral sex on him until he ejaculated in her
7      mouth after they began having intercourse when she was about 13, and Rowe
       having intercourse with CR and ejaculating inside her after she started birth
8      control at age 14.  CR described incidents where Rowe offered her money or
       candy in exchange for performing sex acts.
9
            Rowe's other daughter JL also disclosed in a forensic interview that Rowe
10     had touched her inappropriately since she was approximately 5 years old.  JL
       stated there were multiple times where Rowe groped her chest and breasts at both
11     their old and new residences.  On several occasions, Rowe came into JL's room
       and tried to have sex with her, telling her things like "come on lets go and fuck"
12     and "no ones around."  JL described recently waking up to Rowe's private part on
       her buttocks and another incident where she awoke to finding her bottom clothing
13     and underwear removed with Rowe behind her.

14  Dkt. 26 at 2 (citing Dkt. 27, Ex. 10 at 47-49).

15      The State charged Petitioner by information with multiple counts, including second-

16  degree rape, first-degree rape of a child, second-degree rape of a child, third-degree rape of a

17  child, first-degree child molestation, first-degree incest, second-degree incest, commercial sex

18  abuse of a minor, and second-degree child molestation.  Dkt. 27, Ex. 10 at 51-55, 65-66.  An

19  offender score of 36 put Petitioner's standard sentencing range as charged at 240-318 months.

20  *Id*. at 36-37, 57.  The State, however, put Petitioner on notice that it would seek a sentence in

21  excess of 35 years due to aggravating factors.  *Id*. at 37.

22      On December 3, 2021, in lieu of trial, Petitioner pleaded guilty in Clark County Superior

23  Court to first degree rape of a child, first degree incest, first degree child molestation, and third

degree child molestation, with an agreed sentencing recommendation of 240 months to life. *Id.* at 20, 37. At the January 14, 2022 sentencing, the trial court imposed a high-end standard range sentence of 260 months to life. *Id*. at 24. Petitioner did not file a direct appeal.[1]

On November 28, 2022, Petitioner timely filed a personal restraint petition (PRP) in the Washington Court of Appeals. *Id*., Ex. 1 (Cause No. 57642-2-II). He asserted that he was unaware the trial court could impose an indeterminate sentence and that his counsel was ineffective for failing to investigate exculpatory evidence, object to prosecutorial misconduct, provide an aggressive defense, interview witnesses, locate an alibi, investigate the case, and properly advise him. *See id*., Ex. 1 & Ex. 12. He also asserted that the prosecution committed unchallenged *Brady* violations, that his counsel failed to seek pretrial rulings, pursue suppression of evidence, or conduct meaningful discovery, and that the sentencing court violated his rights by using his silence to impose greater punishment. *Id*., Ex. 1 at 25-26, 31-32. In supplemental filings, Petitioner asserted manifest injustice due to ineffective assistance, an involuntary plea, and the prosecutor's violation of the plea agreement, argued his counsel improperly advised him about the plea offer, and new evidence of ineffective assistance through the denial of visits with his wife. *Id*., Exs. 5-7.

On July 18, 2023, the Acting Chief Judge of the Washington Court of Appeals denied the petition as frivolous. *Id*., Ex. 12. With regard to the indeterminate sentence, the court noted that Petitioner "signed the plea statement, which informed him of the details of an indeterminate sentence and the consequences of his plea." *Id*. at 2 (noting one set of his initials "appears directly under paragraph 12, detailing the consequences of his plea were explained to him by his

---

[1] As Respondent observes, the petition indicates the filing of a direct appeal, but cites to Washington Court of Appeals Cause Number 57642-2-II, Petitioner's first personal restraint proceeding. Dkt. 8 at 4.

counsel and attesting that he understood them all.")  The court found Petitioner's bare assertion

he was not informed he could receive an indeterminate sentence to be without merit.  *Id*.

It further found the claim of ineffective assistance of counsel, including the alleged failure to

interview witnesses, locate an alibi, or investigate, not supported by the record.  *Id*. at 3.  The

court noted that the record showed no information about defense counsel's investigation, and

found the bare assertion there was no investigation did not establish deficient performance.  *Id*.

Petitioner moved for discretionary review in the Washington Supreme Court.  *Id*., Ex. 13.

He asserted manifest injustice through his "persecution" under a statute that was contrary to the

Washington Constitution and the Fourteenth Amendment of the United States Constitution,

ineffective counsel, prosecutorial misconduct, and that the trial court acted without jurisdiction.

*Id*.

The Washington Supreme Court denied review on October 24, 2023.  *Id*., Ex. 17.  The

court noted that, to obtain review, Petitioner was required to show that the Acting Chief Judge's

decision conflicted with a decision of the Washington Supreme Court or with a published

decision of the Court of Appeals, or that the case raised a significant constitutional question or an

issue of substantial public interest.  *Id*. at 1-2 (citing RAP 13.4(b)).  The court found Petitioner

did not "city any of the criteria for review, much less show that any of them applies."  *Id*. at 2.

The court further found Petitioner's contention his convictions were invalid to be conclusory and

unsupported, and that he failed to provide sufficient factual basis and legal argument to warrant

review.  *Id*.  The court added, in relation to Petitioner's claim that he did not know the superior

court could impose an indeterminate sentence: "Rowe signed two documents, with purported

understanding, stating that he was subject to an indeterminate sentence:  the plea agreement and

his written statement on plea of guilty."  *Id*. at 2, n.2.  On December 1, 2023, the Washington

1    Court of Appeals issued a certificate of finality certifying that its decision became final. *Id.*, Ex.

2    19.

3          Also, while review of his first PRP was pending, Petitioner filed a motion in Clark

4    County Superior Court on August 11, 2023, and that motion was transferred to the Washington

5    Court of Appeals for consideration as a PRP on September 6, 2023. *Id.*, Ex. 14 at 1-2, 4-6; *see*

6    *also id.*, Ex. 15 (Cause No. 58662-2-I). In this second PRP, Petitioner alleged prosecutorial and

7    judicial misconduct, asserting he was denied due process and was not provided with documents

8    required to be disclosed in his post-conviction proceedings, and that the denial of discovery was

9    improper and in violation of rules of procedure and his right to equal protection under the

10   Fourteenth Amendment. *Id.*, Ex. 14 at 4-8.

11         On October 3, 2023, the Acting Chief Judge of the Washington Court of Appeals

12   dismissed the petition as untimely under RCW 10.73.090. *Id.*, Ex. 15. Specifically, the petition

13   was untimely because it was filed more than one year after the judgment became final on January

14   14, 2022, when it was entered by the superior court. *Id.* (citing RCW 10.73.090(3)(a)). The

15   court further noted that Petitioner had not alleged any of the time bar exceptions in RCW

16   10.73.100 applied, or that his judgment and sentence was facially invalid or entered without

17   jurisdiction. *Id.*

18         Petitioner moved for discretionary review of the dismissal of his second PRP in the

19   Washington Supreme Court. *Id.*, Ex. 16. He asserted prejudice through the lack of discovery

20   and the superior court's failure to hear and determine a motion to compel, and that he was denied

21   full and fair review, violating his rights to equal protection and due process. *Id.* He also asserted

22   actual innocence and the ineffective assistance of his counsel in allowing the prosecutor to

23   "'fool'" him into a life sentence without any adversarial process. *Id.*

1    On November 28, 2023, the Deputy Commissioner of the Washington Supreme Court

2    denied review. *Id.*, Ex. 18.  The court observed that Petitioner failed to assert any of the RCW

3    10.73.100 grounds for exempting his petition from the time limit and that, while he appeared to

4    urge that the time limit should be equitably tolled, he did not show, as required, that he diligently

5    pursued his rights but was prevented from timely filing a petition by extraordinary

6    circumstances. *Id.*  The court added that, while he seemingly based his claim on the State's

7    failure to provide "'discovery'", Petitioner failed to describe "what efforts he made in this regard

8    or show that he was deprived of any 'discovery' to which he is entitled in this collateral

9    challenge." *Id.* at 2.  Also, while asserting his actual innocence, Petitioner presented no evidence

10   showing that to be the case.  *Id.* (citing *In re Pers. Restraint of Weber*, 175 Wn.2d 247, 258-59,

11   284 P.3d 734 (2012) (must have newly presented evidence of such nature that, had it been

12   presented at trial, it is more likely than not that no reasonable juror would have found the

13   petitioner guilty)).  On January 26, 2024, the Washington Court of Appeals issued a certificate of

14   finality certifying that its decision dismissing Petitioner's second PRP became final.  *Id.*, Ex. 20.

15   Petitioner filed his federal habeas petition in this Court on September 27, 2023.  Dkt. 1.

16   The Court subsequently granted a motion to stay the matter pending resolution of Petitioner's

17   state court proceedings.  Dkt. 15.

18   Records submitted by Petitioner show that, on November 16, 2023, the Washington

19   Supreme Court received a third PRP from petitioner, which was transferred to the Washington

20   Court of Appeals on the following day.  *See* Dkt. 29-1 at 2-3 (Cause No. 58972-9-II).  *See also*

21   Dkt. 29-2 at 2-7.  On December 6, 2023, the Washington Court of Appeals dismissed the petition

22   as time barred under RCW 10.73.090(1) because it was filed well over one year after Petitioner's

23   judgment and sentence became final in January 2022, and Petitioner did not demonstrate

1    satisfaction of any of the time-bar exceptions set out in RCW 10.73.100.  Dkt. 29-1 at 7-8

2    (noting Petitioner asserted evidence showed his counsel provided ineffective assistance under

3    RCW 10.73.100(1), the newly discovered evidence time-bar exception, but Petitioner did not

4    make even the initial showing necessary to satisfy that exception).  Petitioner sought review, *see*

5    *id*. at 11-23, and, on February 6, 2024, the Deputy Commissioner of the Washington Supreme

6    Court denied review of the petition, *id*. at 9-10 (Cause No. 102640-4).  The court noted that

7    Petitioner "claims he is actually innocent, an assertion by which he seemingly seeks to raise an

8    otherwise untimely claim that his attorney was ineffective in relation to his guilty plea." *Id*. at 9.

9    The court found that Petitioner failed to present any evidence supporting his contention, offered

10    only unsupported factual assertions, and, while also seeming to seek equitable tolling of the time

11    limit, did not show he was diligent in pursuing his rights but prevented from timely filing a

12    petition by extraordinary circumstances beyond his control.  *Id*. at 9-10.  The Washington Court

13    of Appeals subsequently issued a certificate of finality.  *Id.* at 6.

14        On March 1, 2024, the Court lifted the stay in these proceedings.  Dkt. 26.  Respondent

15    thereafter filed a timely response to Petitioner's federal habeas petition, accompanied by the

16    relevant state court record.  Dkts. 26-27.

17                                II.    <u>GROUNDS FOR RELIEF</u>

18        It is difficult to decipher the specific grounds for relief raised in the habeas petition.  The

19    Court, in order to provide for consideration of the arguments as raised by the parties, construes

20    the petition to set forth grounds for relief as interpreted by Respondent and described as follows:

21        1.  Petitioner is actually innocent and his trial counsel was ineffective for failing to
            advise him of the full disability or handicap being foisted upon him under "color
22          of state law." Dkt. 8-1 at 2.

23        2.  Petitioner was denied full and fair review of his ineffective assistance of counsel
            claim.  *Id*. at 3.

3. The State used false testimony in the investigation and pre-charging stage. *Id.*

4. The ineffective assistance of counsel claims are not waived by the failure to raise them on direct appeal or in sentencing because they are the type of claims that cannot be fully developed until after the appeal and entry of judgment. *Id.* at 4.

5. The challenge to Petitioner's plea based on actual innocence is not waived and any procedural default should be excused. *Id.*

6. Petitioner's conviction was based on a constitutional violation that resulted in a fundamental miscarriage of justice which the state courts failed to dispute or consider. *Id.* at 5.

7. Petitioner's rights to equal protection and due process under the Fourteenth Amendment were violated when defense counsel refused to investigate the case for possible defenses and/or challenge the State's evidence or witnesses. *Id.* at 6.

8. The court refused to provide Petitioner a bill of particulars or any definite statement of alleged multiple charges. *Id.*

9. Defense counsel advised Petitioner to plead guilty in contradiction of a solid defense and actual innocence, and did not challenge the validity of probable cause or the unconstitutional statute which lessens the prosecutor's duty to investigate before charging. *Id.* at 7.

10. Petitioner was denied a full and fair hearing on the merits of his motion to compel discovery, and his counsel ignored his request to prepare a meaningful review. *Id.* at 8.

Dkt. 8-1.

## III.    DISCUSSION

Respondent argues that all of Petitioner's grounds for relief are unexhausted, now procedurally barred, and subject to a procedural default.  Respondent also argues that, even if deemed eligible for review, Petitioner fails to set forth any basis for federal habeas relief.

A.    Exhaustion and Procedural Default

The Court begins by addressing exhaustion and procedural default.  Respondent asserts that only Petitioner's first PRP was timely filed and can potentially serve as a basis for

exhaustion.[2]  Respondent further asserts that, because Petitioner failed to properly present his

grounds for relief in his first and only timely filed PRP before both the Washington Court of

Appeals and the Washington Supreme Court, those claims are unexhausted and now

procedurally barred.  In his opposition, Petitioner appears to assert that he exhausted his claims.

*See* Dkts. 7 & 28.  Petitioner also argues that "'equitable exemptions'" provide for review of his

claims on the merits.  Dkt. 28 at 17.

The Court considers below whether Petitioner's claims are procedurally barred, either

because the state courts expressly held that any claims raised in PRPs were procedurally barred,

or because any timely raised claims were not properly exhausted and are now time barred.  The

Court also considers whether Petitioner otherwise demonstrates a basis for this Court's review of

his federal habeas claims.

    1.    *Legal Standard*

A state prisoner is required to exhaust all available state court remedies before seeking a

federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is a matter

of comity, intended to afford the state courts "an initial opportunity to pass upon and correct

alleged violations of its prisoners' federal rights."  *Picard v. Connor*, 404 U.S. 270, 275 (1971)

(internal quotation marks and citations omitted).  In order to provide the state courts with the

requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims

to each appropriate state court for review, including a state supreme court with powers of

discretionary review.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513

U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

---

[2] Respondent only directly addresses Petitioner's second PRP.  However, as described above, both Petitioner's second and third PRPs were deemed untimely in state court.  *See* Dkt. 29-1 at 7-10.

"In order to 'fairly present' an issue to a state court, a petitioner must 'present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.'" *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009)). *See also Picard*, 404 U.S. at 275-78 (proper exhaustion requires a petitioner to have "fairly presented" to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory on which the claim is based). Claims that are based on the same facts must be separately exhausted if they are supported by distinct constitutional theories. *See Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). A habeas petitioner who fails to meet a state's procedural requirements for presenting his federal claims deprives the state courts of the opportunity to address those claims in the first instance. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

When a prisoner defaults on his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id*. at 750. If the last state court to decide a federal claim clearly and expressly states that its judgment rests on a state procedural bar, there is a procedural default for purposes of federal habeas review. *Harris v. Reed*, 489 U.S. 255, 263 (1989). A prisoner also defaults on a federal habeas claim when he fails to exhaust his state court remedies with respect to a claim and the court to which the prisoner would be required to present his claim in order to satisfy the exhaustion requirement would now find the claim to be procedurally barred. *Coleman*, 501 U.S. at 735 n.1.

1  For a state procedural rule to be "independent," the state law ground for decision must

2  not rest primarily on federal law or be interwoven with federal law. *Id*. at 734-35 (citing

3  *Michigan v. Long,* 463 U.S. 1032, 1040–41 (1983)).  A state procedural rule is "adequate" if it

4  was "firmly established" and "regularly followed" at the time of the default.  *Beard v. Kindler*,

5  558 U.S. 53, 60 (2009) (quoting *Lee v. Kemna*, 534 U.S. 362, 375 (2002)).  A state procedural

6  rule is not rendered inadequate simply because it is discretionary.  *Id*. at 60-61.

7  2.    *Express Procedural Bar*:  *Second and Third PRPs*

8  As respondent observes, Petitioner timely filed only his first PRP.  The Washington

9  Court of Appeals dismissed Petitioner's second PRP as untimely under RCW 10.73.090 because

10  it was filed more than one year after the judgment became final, and noted Petitioner's failure to

11  allege any of the time bar exceptions in RCW 10.73.100 applied, or that the judgment and

12  sentence was facially invalid or entered without jurisdiction.  Dkt. 27, Ex. 15.  In denying

13  review, the Washington Supreme Court observed Petitioner's failure to assert any exemptions to

14  the time limit, and noted his failure to provide support for either the equitable tolling of the time

15  limit or his assertion of actual innocence.  *Id*., Ex. 18.  The state courts reached the same

16  conclusions with respect to Petitioner's third PRP.  *See* Dkt. 29-1 at 7-10.

17  The Ninth Circuit has recognized that the state time bar statute invoked by the state

18  courts to bar the claims asserted by Petitioner in his second and third PRPs, RCW 10.73.090,

19  provides an independent and adequate state procedural ground to bar federal habeas review.  *See*

20  *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004); *Shumway v. Payne*, 223 F.3d 982, 989 (9th

21  Cir. 2000).  Because the state courts here concluded that the claims asserted in Petitioner's

22  second and third PRPs were procedurally barred pursuant to an independent and adequate state

23  procedural rule, there is a procedural default for purposes of federal habeas review.  Thus,

federal habeas review of any of the grounds for relief that could be said to have been raised in these PRPs is barred unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.

### 3.    *Failure to Properly Exhaust*: *First PRP*

As with the grounds for habeas relief, it is difficult to decipher the precise claims set forth in Petitioner's state court filings.  Given this difficulty, and in an abundance of caution, the Court considers below the additional arguments raised by Respondent in relation to Petitioner's habeas claims.  The Court also agrees with Respondent that Petitioner failed to properly exhaust any of his grounds for relief.

Petitioner's state court filings rely on broad and vague terminology, such as "manifest injustice", and invoke general constitutional principles, rather than identifying specific federal rights.  *See* Dkt. 27, Exs. 1, 5-9, 11 & 13.  Many, if not most, of the claims omit citations to federal case law, and fail to articulate how alleged errors violated the U.S. Constitution or otherwise alert the state courts as to the federal nature of the claims.  *See id.*

A number of Petitioner's federal habeas claims were not raised in his state court filings. Respondent observes that, in particular, there is no indication Petitioner raised Claims 3, 5, 8, or 10 before either the Washington Court of Appeals or the Washington Supreme Court.  *See, e.g., id.*, Exs. 12 & 13.  Other claims that were presented in state court differ from the claims brought in the habeas petition.  For example, while Petitioner timely alleged ineffective assistance of counsel based on the failure to investigate exculpatory evidence in the Washington Court of Appeals, *see, e.g.,* Dkt. 27, Ex. 12 at 2-3, he now alleges ineffective assistance through the failure to "advise him of the full disability or handicap being imposed under 'color of state

1   law[,]'" Dkt. 8-1 at 2 (Claim 1), and identifies the failure to investigate only as a predicate for a

2   new claim asserting rights to equal protection and due process under the Fourteenth Amendment,

3   *see id*. at 6 (Claim 7).[3]

4         Finally, and critically, even where Petitioner did raise aspects of his federal habeas claims

5   in the Washington Court of Appeals, he did not fairly present those same claims to the

6   Washington Supreme Court for review.  For example, Petitioner's assertion of "manifest

7   injustice" and his inclusion of the phrase "ineffective counsel" in his petition to the Washington

8   Supreme Court, *see* Dkt. 27, Ex. 13, does not, without more, satisfy the requirement to fairly

9   present a federal constitutional claim at each level of state review.  The Court, for this reason and

10  for the reasons stated above, finds that Petitioner failed to properly exhaust any of his grounds

11  for relief.

12        Respondent argues that, having failed to properly exhaust his federal habeas claims,

13  Petitioner would now be barred from presenting those claims to the state courts under RCW

14  10.73.090 (time bar), and RCW 10.73.140 (successive petition bar).  RCW 10.73.140 provides

15  that, "[i]f a person has previously filed a petition for personal restraint, the court of appeals will

16  not consider the petition unless the person certifies that he or she has not filed a previous petition

17  on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the

18

19        [3] Other differences between habeas claims mentioning counsel and the claims raised in state court
    are likewise apparent.  *Compare* Dkt. 8-1 at 3 (Claim 2 alleges denial of full and fair review of his

20  ineffective assistance claim),  4 (Claim 4 alleges ineffective assistance claims were not waived), and 8
    (Claim 9 alleges counsel advised him to plead guilty in "contradiction to solid defense and actual

21  innocence, not challenging the validity of 'probable cause' nor the unconstitutional statute which lessens
    the prosecutor's duty to investigate before charging[,]" and Claim 10 alleges denial of a full and fair

22  hearing on a motion to compel discovery and that his counsel ignored his request to prepare a meaningful
    review), *with* Dkt. 27, Exs. 1 & 12 (alleging ineffective assistance for failing to investigate exculpatory

23  evidence, object to prosecutorial misconduct, provide an aggressive defense, interview witnesses, locate
    an alibi, investigate the case, and properly advise him; and that his counsel failed to seek pretrial rulings,
    pursue suppression of evidence, or conduct meaningful discovery) and Exs. 5-7 (alleging ineffective
    assistance through denial of visits with his wife).

previous petition." RCW 10.73.090(1) provides that a petition for collateral attack on a

judgment and sentence in a criminal case must be filed within one year after the judgment

becomes final.

Petitioner's judgment became final on January 14, 2022, when it was entered by the

superior court. Dkt. 27, Ex. 10 at 24; RCW 10.73.090(3)(a). It is clear Petitioner would be time

barred from returning to state court to present his unexhausted claims, *see* RCW 10.73.090, and

that he has therefore procedurally defaulted on his claims for purposes of federal habeas review.

In addition, because petitioner previously presented a PRP, the state courts are unlikely to

entertain another such petition. *See* RCW 10.73.140. Federal habeas review of petitioner's

procedurally defaulted claims is thus barred unless he can demonstrate cause and prejudice, or a

fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

4.    *Cause and Prejudice*

To satisfy the "cause" prong of the cause and prejudice standard, a petitioner must show

that some objective factor external to the defense prevented him from complying with the state's

procedural rule. *Id.* at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). A factor is

external to the petitioner when it "cannot fairly be attributed to him." *Id.* Examples of objective

impediments which could constitute cause include: (1) the factual or legal basis for a claim was

not reasonably available at the time of the default; (2) interference by government officials made

compliance with the procedural rule impracticable; and (3) ineffective assistance of counsel.

*Murray*, 477 U.S. at 488-89. However, a defaulted ineffective assistance of counsel claim cannot

serve as cause to excuse the default of another habeas claim unless the petitioner can satisfy the

cause and prejudice standard with respect to the ineffective assistance of counsel claim itself.

*Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).  And only in a "truly extraordinary case," may the Court grant habeas relief without a showing of cause or prejudice to correct a "fundamental miscarriage of justice", where a constitutional violation has resulted in the conviction of a defendant who is actually innocent.  *Schlup v. Delo*, 513 U.S. 298, 338 (1995).  *See also Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (describing the actual innocence exception as narrow in scope and reserved for the extraordinary case) (citation omitted).

Respondent asserts that Petitioner cannot show an external factor caused the procedural default because default occurred due to his failure to fairly present any of his claims to the Washington Supreme Court.  Respondent also notes Petitioner's failure to identify any evidence to support a claim of actual innocence.  Respondent further argues that Petitioner's counseled guilty plea, which was not an "Alford plea" under *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), appears to rule out a claim of actual innocence, in that the voluntary guilty plea was a judicial confession to the charged crimes and, therefore, an in-court admission he committed the crimes.  *See also* Dkt. 26 at 19 (pointing to Petitioner's signed and initialed pretrial settlement agreement and Statement of Defendant on Plea of guilty).

In response, Petitioner maintains his innocence and asserts that he was tricked into "pretending to 'willingly' plea to take advantage of a bait-n-switch deal advertised." Dkt. 28 at 5.  He asserts that he eventually timely filed his claims, while "ill informed", without counsel, and with "newly discovered" evidence hidden by the State's attorneys, but was "procedurally

1    barred and generally dismissed" without consideration of his claims.  *Id.* at 6-9.  Petitioner

2    otherwise appears to raise arguments associated with the merits of his habeas claims and/or

3    inapplicable to the issue of procedural default, such as arguments addressing the timeliness of his

4    habeas petition.  *See id.* at 10-26.

5          The fact that Petitioner proceeded without counsel and lacked legal knowledge or

6    expertise does not satisfy the cause prong.  *Guillory v. Allen*, 38 F.4th 849, 859 (9th Cir. 2022);

7    *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986).  Nor does

8    Petitioner demonstrate cause through his allegation that the State's attorney hid evidence.  He

9    neither identifies the evidence allegedly hidden, nor explains how the State's action or inaction

10   caused his failure to fairly present his claims to the Washington Supreme Court or file a timely

11   PRP.  Petitioner, in sum, fails to show an external factor prevented him from properly exhausting

12   his claims.  And because Petitioner does not meet his burden of demonstrating cause for his

13   procedural default, the Court need not determine whether there was any actual prejudice.

14   *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1448 (9th Cir. 1989) (citing *Smith v. Murray*, 477 U.S.

15   527, 533 (1986)).  *Accord Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991).

16         Petitioner also fails to satisfy the fundamental miscarriage of justice exception.  A

17   "substantial claim" that constitutional error resulted in the conviction of an innocent person is

18   "extremely rare."  *Schlup*, 513 U.S. at 324.  To be credible, such a claim requires the support of

19   "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness

20   accounts, or critical physical evidence – that was not presented at trial."  *Id*.  A petitioner must

21   show more than "that a reasonable doubt exists in the light of the new evidence[.]"  *Id*. at 329.  A

22   petitioner must show that "in light of the new evidence, no juror, acting reasonably, would have

23   voted to find him guilty beyond a reasonable doubt."  *Id*.  Petitioner does not describe any such

REPORT AND RECOMMENDATION - 16

newly discovered evidence. *See* Dkt. 28 at 5-26. His assertion of innocence is no more than conclusory and does not serve to excuse the procedural default. Petitioner thus fails to demonstrate that his procedurally defaulted claims are eligible for federal habeas review.

B.    Additional Reasons to Deny Habeas Relief

Respondent argues that, even if not procedurally defaulted, there are additional reasons for denying habeas relief. Respondent asserts that Petitioner's guilty plea was knowing, intelligent, and voluntary, and that Petitioner fails to show the plea was not valid under clearly established federal law. Respondent also asserts that, because Petitioner entered a knowing, intelligent, and voluntary plea, he waived his right to challenge pre-plea constitutional violations, and that the state court's denial of his conclusory assertions of ineffective assistance of counsel was reasonable and is entitled to deference. Respondent, finally, asserts that Petitioner's post-plea claims fail to state a cognizable federal habeas claim.

The Court finds all of Petitioner's claims unexhausted, procedurally barred, and subject to a procedural default. The Court may nonetheless consider Respondent's additional arguments, including any consideration of unexhausted claims on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") The Court therefore takes the opportunity to address the additional arguments raised by Respondent.

1.    *Legal Standard*

Federal habeas corpus relief is available only to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if (1) the state court's decision was contrary to, or involved an unreasonable application of, clearly

1    established federal law, as determined by the United States Supreme Court, or (2) if the decision

2    was based on an unreasonable determination of the facts in light of the evidence presented. 28

3    U.S.C. § 2254(d).

4         Under the "contrary to" clause, a federal court may grant the habeas petition only if the

5    state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of

6    law, or if the state court decides a case differently than the Supreme Court has on a set of

7    materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under

8    the "unreasonable application" clause, a federal habeas court may grant the writ only if the state

9    court identifies the correct governing legal principle from the Supreme Court's decisions, but

10   unreasonably applies that principle to the facts of the prisoner's case. *See id*. at 407-09. The

11   Supreme Court has made clear that a state court's decision may be overturned only if the

12   application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). "A

13   state court's determination that a claim lacks merit precludes federal habeas relief so long as

14   'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*

15   *v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

16        Clearly established federal law means "the governing legal principle or principles set

17   forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer*, 538 U.S.

18   at 71-72. "If no Supreme Court precedent creates clearly established federal law relating to the

19   legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary

20   to or an unreasonable application of clearly established federal law." *Brewer v. Hall*, 378 F.3d

21   952, 955 (9th Cir. 2004) (citation omitted).

22        The Court is limited to the record before the state court that adjudicated the claim on the

23   merits, and the petitioner carries the burden of proof. *Cullen v. Pinholster*, 563 U.S. 170, 181-82

1    (2011).  A state court's determination of a factual issue is presumed correct, and a petitioner

2    bears the burden of rebutting the presumption of correctness by clear and convincing evidence.

3    28 U.S.C. § 2254(e)(1).

4         2.     *Ineffective Assistance and Knowing and Voluntary Plea*

5         A number of Petitioner's claims address ineffective assistance of counsel.  Ineffective

6    assistance of counsel claims arising out of the plea process are evaluated under the two-prong

7    test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Hill v. Lockhart*, 474 U.S. 52, 57

8    (1985).  Under *Strickland*, a defendant must prove (1) counsel's performance was deficient, and

9    (2) the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.

10         With respect to the first prong of the *Strickland* test, a petitioner must show counsel's

11    performance fell below an objective standard of reasonableness.  *Id*. at 688.  This requires

12    "showing that counsel made errors so serious that counsel was not functioning as the 'counsel'

13    guaranteed the defendant by the Sixth Amendment."  *Id*. at 687.  Judicial scrutiny of counsel's

14    performance must be highly deferential.  *Id*. at 689.  "A fair assessment of attorney performance

15    requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct

16    the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

17    perspective at the time."  *Id*.  There is a strong presumption that counsel's performance fell

18    within the wide range of reasonably effective assistance.  *Id*.  In order to prevail on an ineffective

19    assistance of counsel claim, a petitioner must overcome the presumption that counsel's

20    challenged actions might be considered sound strategy.  *Id*.

21         The second prong of the *Strickland* test requires a showing of actual prejudice related to

22    counsel's performance.  *Id*. at 693.  In order to satisfy the "prejudice" requirement in the context

23    of a guilty plea, a petitioner must demonstrate that it is reasonably probable that, but for

1    counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial."

2    *Hill*, 474 U.S. at 59.  The reviewing court need not address both components of the *Strickland*

3    inquiry if an insufficient showing is made on one component.  *Strickland*, 466 U.S. at 697.

4        While the Supreme Court established in *Strickland* the legal principles that govern claims

5    of ineffective assistance of counsel, it is not the role of the federal habeas court to evaluate

6    whether defense counsel's performance fell below the *Strickland* standard.  *Harrington*, 562 U.S.

7    at 101.  Rather, when considering an ineffective assistance of counsel claim on federal habeas

8    review, "[t]he pivotal question is whether the state court's application of the *Strickland* standard

9    was unreasonable."  *Id.*  As the Supreme Court explained in *Harrington*, "[a] state court must be

10   granted a deference and latitude that are not in operation when the case involves review under

11   the *Strickland* standard itself."  *Id.*

12       In this case, in addressing his claim of ineffective assistance of counsel, the Washington

13   Court of Appeals noted that Petitioner appeared to argue his counsel failed to interview

14   witnesses, locate an alibi, and investigate the case, and found his arguments not supported by the

15   record.  Dkt. 27, Ex. 12 at 3.  The court noted an absence of information about defense counsel's

16   investigation in the record, found Petitioner's bare assertions that there was no investigation did

17   not establish deficient performance, and concluded Petitioner failed to show he was denied

18   effective assistance of counsel.  *Id.*  The Washington Supreme Court similarly found Petitioner's

19   assertions conclusory and unsupported.  *Id.*, Ex. 17 at 2.

20       Petitioner does not demonstrate that the state court's consideration of his ineffective

21   assistance claim was unreasonable.  Instead, and as in state court, Petitioner offers no more than

22   bare assertions of his counsel's ineffective assistance.  He does not identify any supportive facts

23   or evidence, or provide a substantive discussion of the ways in which his counsel's performance

1  allegedly fell below an objective standard of reasonableness.  His conclusory and unsupported

2  allegations do not suffice to warrant habeas relief,  *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)

3  (citation omitted), and the Court, having found as such, need not and does not consider prejudice

4  in relation to the allegations, *see Strickland*, 466 U.S. at 697.

5      Further, to the extent Petitioner reprises in this Court his claim that his plea was not

6  knowing and voluntary, the state courts also reasonably rejected that claim.  Due process requires

7  that a guilty plea be both knowing and voluntary.  *Boykin v. Alabama*, 395 U.S. 238, 242-44

8  (1969).  "The longstanding test for determining the validity of a guilty plea is 'whether the plea

9  represents a voluntary and intelligent choice among the alternative courses of action open to the

10  defendant.'"  *Hill*, 474 U.S. at 56 (quoting *Alford*, 400 U.S. at 31).  A defendant who enters a

11  guilty plea on the advice of counsel may only attack the voluntary and intelligent character of the

12  plea by demonstrating that the advice received from counsel was not within the range of

13  competence demanded of attorneys in criminal cases.  *See id*. at 56-57 (citations omitted).

14      The Washington Court of Appeals considered Petitioner's claim that his plea was not

15  knowing and voluntary because he was not aware the trial court could impose an indeterminate

16  sentence.  Dkt. 27, Ex. 12 at 1-2.  The court noted that Petitioner signed a plea statement

17  informing him of the details of an indeterminate sentence and the consequences of his plea, and

18  that he included his initials directly under a paragraph indicating that the consequences of the

19  plea had been explained to him by counsel and that he understood those consequences.  *Id*. at 2.

20  The court concluded that Petitioner's bare assertion that he was not informed he could receive an

21  indeterminate sentence lacked merit.  *Id*.  The Washington Supreme Court similarly found

22  Petitioner's allegation as to the invalidity of his conviction conclusory and unsupported.  *Id*., Ex.

23  17 at 2.  With respect to his assertion that he did not know the superior court could impose an

1    indeterminate sentence, the Court stated: "Rowe signed two documents, with purported

2    understanding, stating that he was subject to an indeterminate sentence: the plea agreement and

3    his written statement on plea of guilty." *Id.* at 2, n.2.

4        As the state courts observed, Petitioner's signed plea agreement and statement of

5    defendant on pleading guilty set forth the consequences of Petitioner's guilty plea, including the

6    possibility of an indeterminate sentence. *See id.*, Ex. 10 at 71, 86-87. The plea statement

7    explained that, for the offenses charged, the trial judge would impose a maximum term

8    consisting of the statutory maximum sentence and a minimum term within the standard range,

9    and that the minimum term "may be increased by the Indeterminate Sentence Review Board if

10   the Board determines by a preponderance of the evidence that it is more likely than not that

11   [Petitioner] will commit sex offenses if released from custody." *Id.* at 71. Petitioner included

12   his initials directly below both this paragraph, *see id.*, and the paragraph stating that his lawyer

13   had explained to him and that they had discussed all of the paragraphs in the agreement, *id.* at 80.

14   The record, in other words, reflects that Petitioner was made aware that the trial court could

15   impose an indeterminate sentence. Petitioner's allegations to the contrary are no more than

16   conclusory and insufficient to warrant habeas relief. *James*, 24 F.3d at 26.

17       Nor does Petitioner otherwise show that the advice he received from his counsel in

18   relation to the plea was not within the range of competence demanded of attorneys in criminal

19   cases. The record shows, for example, that the State intended to seek a sentence in excess of 35

20   years due to aggravating factors. *Id.* at 37, 87. By entering into the plea agreement, Petitioner

21   significantly reduced his sentencing exposure.

22       Petitioner, in sum, does not demonstrate that the state court decisions rejecting his claim

23   of ineffective assistance of counsel were contrary to, or constituted an unreasonable application

1    of, clearly established United States Supreme Court precedent. Nor does Petitioner make such a

2    showing in relation to the knowing and voluntary nature of his plea. Petitioner is therefore not

3    entitled to habeas relief in relation to any claims construed as raising these challenges.

4         3.    *Remaining Grounds for Relief*

5         Petitioner also asserts a variety of other claims in his petition. Respondent argues and the

6    Court agrees that Petitioner is not entitled to habeas relief in relation to those claims.

7         To the extent Petitioner asserts constitutional violations based on pre-plea conduct – such

8    as the use of false testimony by the State in the investigation and pre-charging statute (Claim 3),

9    equal protection and due process violations in the criminal investigation (Claim 7), and a

10   challenge to the constitutionality of the charging statute (Claim 9) – the claims do not entitle

11   Petitioner to federal habeas relief. Generally, one who voluntarily and intelligently pleads guilty

12   to a criminal charge may not subsequently seek federal habeas corpus relief based on pre-plea

13   constitutional violations. *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983); *Hudson v. Moran*,

14   760 F.2d 1027, 1029-30 (9th Cir. 1985). The exceptions to this bar are: (1) a claim that the plea

15   itself was not voluntary and intelligent; (2) a claim that the plea was the result of constitutionally

16   deficient representation as to the plea itself; and (3) a claim that on the face of the record, the

17   court had no power to enter the conviction. *United States v. Broce*, 488 U.S. 563, 569-72 (1989).

18        As previously discussed, the state courts reasonably determined that Petitioner's plea was

19   voluntary and intelligent, and that Petitioner failed to identify any support for his claim of

20   ineffective assistance of counsel. Nor is there any merit to a contention that the superior court

21   had no power to enter Petitioner's conviction. Petitioner, accordingly, waived any claims

22   alleging pre-plea violations of his constitutional rights.

23

1    Petitioner's allegations of constitutionally infirm post-plea conduct also fail to state a

2  claim for habeas relief.  For example, to the extent Petitioner asserts a constitutional violation in

3  relation to the denial of discovery requests made after his conviction, *see* Dkt. 8-1 at 6 (Counts 8

4  & 10) & Dkt. 28 at 6, he does not show how such post-plea issues violated a constitutional right,

5  as opposed to raising an issue of state law or procedure not cognizable in a habeas proceeding.

6  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (it is not the province of federal habeas courts

7  to re-examine state court conclusions regarding matters of state law); *Lewis v. Jeffers*, 497 U.S.

8  764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law").  The mere

9  inclusion of references to "due process" and "equal protection" in the petition does not suffice to

10  transform Petitioner's various allegations into federal habeas claims.  *See Langford v. Day*, 110

11  F.3d 1380, 1389 (9th Cir. 1996) (holding that a petitioner may not "transform a state-law issue

12  into a federal one merely by asserting a violation of due process," and that "alleged errors in the

13  application of state law are not cognizable in federal habeas corpus.").  Because Petitioner fails

14  to demonstrate that the post-plea allegations raise cognizable claims in habeas, his remaining

15  grounds for relief should be dismissed.

16  C.    Evidentiary hearing

17    Petitioner asks the Court to hold an evidentiary hearing.  Because his claims can be

18  resolved by reference to the state court record, an evidentiary hearing is not necessary.  *Totten v.*

19  *Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).

20    IV.    CERTIFICATE OF APPEALABILITY

21    A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

22  dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA)

23  from a district or circuit judge.  A COA may issue only where a petitioner has made "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes Petitioner is not entitled to a COA.

V.       <u>CONCLUSION</u>

The Court recommends Petitioner's habeas petition be DENIED without an evidentiary hearing and this action be DISMISSED with prejudice. The Court further recommends that a COA be DENIED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 29, 2024**.

Dated this 8th day of August, 2024.

S. KATE VAUGHAN
United States Magistrate Judge