HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY PETER JOSPEH ROWE,<br><br>Petitioner,<br><br>v.<br><br>JEFFEREY PERKINS, et al.,<br>Respondents. | CASE NO. 23-cv-5875-RAJ<br><br>ORDER |

### I.  INTRODUCTION

THIS MATTER comes before the Court *pro se* petitioner's Motion for Leave to Appeal *in forma pauperis* ("IFP"). Dkt. # 38. For the reasons set forth below, the motion is **DENIED** as moot because petitioner already has IFP status and need not ask the Court to renew this status on appeal.

ORDER- 1

## II.  BACKGROUND

On October 10, 2023, petitioner's application to proceed *in forma pauperis* to file his *habeas* petition was granted. Dkt. # 3. On August 8, 2024, Magistrate Judge S. Kate Vaughn issued a Report & Recommendation ("R&R") in this matter. Dkt. # 32. In the R&R, Judge Vaughn concluded the petitioner was not entitled to a certificate of appealability. *Id*. at 24–25. On October 10, 2024, this Court adopted the R&R, and the Court construed Petitioner's Motion for an Issuance of a Certificate of Appealability, Dkt. # 35, as an objection. *See* Dkt. # 36 n.1. The Court denied a certificate of appealability. *See id.*

On October 18, 2024, petitioner filed a motion for leave to appeal *in forma pauperis*, Dkt. # 38, and filed a notice of appeal to the Ninth Circuit, Dkt. # 39. On October 22, 2024, petitioner filed a notice from the Ninth Circuit that stated: "No briefing schedule will be set until this court and/or the district court determines whether a certificate of appealability (COA) should issue." Dkt. # 41.

## III.  ANALYSIS

IFP status on appeal is governed by the Federal Rules of Appellate Procedure ("FRAP"). Federal Rules of Appellate Procedure 24(a)(3) provides that:

> *Prior Approval*. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

Here, Mr. Rowe already has IFP status. *See* Dkt. # 3. The Court has not revoked IFP status at a point during the district court action.[1] Therefore, petitioner does not need to ask the Court to proceed *in forma pauperis* again in attempts to appeal this matter.

## IV.     CONCLUSION

Accordingly, the petitioner's motion is **DENIED** as moot because petitioner maintains his IFP status. Dkt. # 38. However, as stated in the October 10 Order, the Court denies a certificate of appealability in this matter. Dkt. # 37. Pursuant to FRAP 24(a)(4), the Clerk is directed to immediately notify Plaintiff and the Court of Appeals for the Ninth Circuit of this Order.

Dated this 25th day of November, 2024.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

---

[1] The Court could revoke IFP status pursuant to §1915 (a)(3) which provides that: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." However, the Court has not done so, and the Notice from the Ninth Circuit only asks about the certificate of appealability.